JAMES STACY ET AL. v. P. M. GREENWADE.

Decided May 25, 1901.

**Boundary Line—Construction of Calls—Corner on River.**

In this case, involving the location of the boundary line of an original survey calling to run with a river from a corner on the banks of the river, there was evidence tending to locate such corner as being not on the first bank of the river, but on the second or valley bank, some distance back from the river. See the opinion for a charge held error, as on the weight of evidence, in assuming that there was a vacant strip between the river and that line of the survey, and as misconstruing the calls by which the location of the line was to be ascertained.

Appeal from Bosque. · Tried below before Hon. J. M. Hall.

*Robertson & Robertson,* for appellants.

*J. A. Gillette,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by Greenwade against Stacy on the 23d day of July, 1895, the purpose thereof being to settle and determine the western boundary line of a certain 300 acres of land conveyed September 12, 1857, out of the southeast corner of the Gertrudes Cherino league and labor survey.

The league and labor survey (4605 acres) was patented by the State of Texas to James Plant, as assignee of the original certificate, in 1847. It calls to · begin at the northeast corner of the Ann Wheelock survey, adopting that as the southeast corner of the Cherino survey, "from which a pecan marked 'T' bears N. 64 E. 7 varas and a Spanish oak marked 'T' bears N. 9 E. 20 varas; thence up the river with its meanders west 1160 varas; N. 60 W. 2218 varas, to the N. E. corner," etc.; "thence S. 60 W. 9600 varas; thence S. 30 E. 2500 varas; thence N. 60 E. at 11,710 varas the beginning." This survey is now owned by appellee, Greenwade, who purchased it in 1883, except the 300 acres sold by Plant to Lucy.

The land sold by Plant to Lucy and now owned by Stacy, the appellant, is described in the deed of conveyance as follows: "Three hundred acres of land out of the survey of G. Cherino on the west bank of the Brazos River, near Towash village, now in the county of Bosque. Said 300 acres is to be taken as follows: Commencing at the original S. E. corner of said survey as known and established on the bank of the Brazos; thence run S. 60 W. with the lower line of said survey a sufficient distance to include, with a line running N. 30 W. 950 varas and another line N. 60 E. to the river and down said river to the beginning, 300 acres of land. Said survey will be one half mile front on the river on a base line of N. 30 W." Dated September 12, 1857, duly acknowledged on same date, and recorded June 2, 1858.

The land in controversy lies at what we will call the west end of this 300 acres survey, and the contention of the parties grows out of the difficulty in locating the southeast corner of the Gertrudes Cherino survey. It will be noted that when Plant conveyed this 300 acres in September, 1857, he called for the southeast corner of the Cherino survey and described it "as known and established on the bank of the Brazos." Its southeast corner was not in fact located at the northeast corner of the Ann Wheelock, but nearly 1200 varas up the river therefrom, as is undisputed. But the evidence tended to show that the bearing trees called for at this corner were still to be found in 1883, and were on the second or valley bank of the river about 280 varas from the west margin of the river at low water, the first bank being about 80 varas from the

margin of the river, the entire space between the first bank and the margin being covered by a low sand bar, and that between the first and second banks being covered with trees and other vegetation, but subject to overflows almost annually, though containing about 71 acres of low bottom land lying between the first and second banks included within the width of this 300-acre tract.

If the true beginning corner of the Cherino survey is on the second bank where Stacy claims it, then the land in dispute belongs to Stacy. If at the margin of the river, then it all belongs to Greenwade. If on the first bank where Greenwade's surveyors placed it, then the boundary line between the plaintiff and defendant is where the jury found it.

The court charged the jury as follows: "You are further instructed that if you believe from the evidence and the foregoing instructions that Samuel J. Lucy and those claiming under him purchased the said 300 acres, and that the same was intended to front immediately upon the Brazos River 950 varas, and that said river was to be the eastern boundary line thereof, and that James Stacy afterward purchased the same or a part of said 300 acres, and should you further believe from the evidence that the surveyor who located the Gertrude Cherino survey did not make the same front immediately upon the Brazos River, as required by law, but that he surveyed it so as to leave a vacant strip of land between it and said river, then the defendants could not ignore said vacant strip, and run out said 300 acres so as to place it all on said Gertrude Cherino survey, but in locating the west line of said 300 acres they would have to go to the Brazos River for a beginning point, and if there was any land conveyed there, which was by mistake or otherwise considered a part of said Cherino survey, but not in fact a part thereof, then defendants would not be permitted to recoup upon plaintiff by taking enough of his land to make their complement of acres, but would be required to look to their grantors to make their loss or shortage good; and if, after beginning at the Brazos River as above instructed, you find the division line between plaintiff's land and said 300 acres where the said Weeks, Turner, and Dillard make it on the ground, then you will find for the plaintiff, and the form of your verdict will be as above indicated; but should you find, after beginning at said river, that said line is where defendants claim it to be on the ground, then you will find for the defendants and the form of your verdict will be as above indicated."

The error assigned by appellant to this charge is, in effect, that it is on the weight of the evidence, in that it assumes that there is a vacant strip between the Cherino grant and the river, when there is no evidence of it, and it misconstrues the calls of the deed from Plant to Lucy for 300 acres in directing the jury that the west line of said 300 acres survey must be ascertained by measuring from the river, when they should have been instructed to ascertain where the southeast corner of the Cherino grant was located, known and established, and fix the western boundary of the 300 acres tract by measuring S. 60 W. along the south

·line of the Cherino survey from that point, as was in effect requested by appellants' counsel in their third special charge asked and refused by the court, and this assignment is sustained.

The special charge number 1 asked by plaintiff and given by the court is, for the same reason, also erroneous, and perhaps other paragraphs of the charge are infected more or less with the same erroneous view held by the district judge, but as these errors will not likely occur on another trial, we deem it unnecessary to further discuss the charges given or refused.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*